FILED

04/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 20-0245

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
(406) 442-1648

pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

\* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF JON R. BINNEY<br>An Attorney at Law,<br>Respondent. | Supreme Court No.<br><br>ODC Files No. 19-098 & 19-115<br><br>**COMPLAINT**<br><br>**Rules 1.3, 1.4, 1.5, 1.15, 1.16, 1.18, and 8.4, MRPC** |

By leave of the Commission on Practice granted on April 23, 2020, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Jon R. Binney with professional misconduct as follows:

**General Allegations**

1. Jon R. Binney, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 1985, at which time he took the oath required for admission, wherein he agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2. The Montana Supreme Court has approved and adopted the Montana Rules

of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

**Count One**

3. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations as if fully restated in this Count One.

4. In July 2018, Marty Essen ("Essen") retained Respondent to assist him with an outstanding debt and possible bankruptcy. Essen paid Respondent a retainer of $2,500.00.

5. There was no identifiable deposit of Essen's $2,500 retainer into Respondent's IOLTA account.

6. Respondent claimed he had a "flat fee" agreement with Essen for which he did not have a written fee agreement.

7. Essen discovered he could dissolve his corporation rather than file for bankruptcy, which he did in approximately June 2018. In July and August 2018, Essen requested a refund of the unused portion of his retainer, which Respondent did not provide.

8. Respondent acknowledged a lack of communication with Essen on August 10, 2018.

9. Respondent did not provide Essen with requested itemized statements.

10. By the end of June 2019, Respondent had billed Essen services and costs totaling $1,900, leaving a retainer balance of $600. The balance of Respondent's IOLTA account at the time of Essen's July request for a refund was $9.97, and the balance in his operating account was $64.07. When Essen issued his request in August 2019, the balance in Respondent's operating account was

*Binney Complaint* - Page 2

$1,150.93, but Respondent did not refund Essen the requested $600 in unearned fees.

11. Respondent issued Essen a refund of $1,250.00 on December 16, 2019, from his operating account.

12. By his conduct outlined above, Respondent violated Rule 1.4(a)(4), MRPC, for failing to promptly and diligently respond to his client's requests for information.

13. By his conduct outlined above, Respondent violated Rule 1.5(b), MRPC, for failing to execute a written fee agreement or otherwise define the scope and terms of representation.

14. By his conduct outlined above, Respondent violated Rule 1.15, MRPC, for failing to safekeep his client's property by spending down his account to a balance lower than what was owed to Essen.

15. By his conduct outlined above, Respondent violated Rule 1.16, MRPC, for failing to promptly respond to his client's request of a refund of his unearned retainer.

16. By his conduct outlined above, Respondent violated Rule 1.18, MRPC, for failing to deposit the retainer into his IOLTA account and keeping his client's property separate from his own.

17. By his conduct outlined above, Respondent violated Rule 8.4(c), MRPC, for failing to issue his client a refund until after an ODC investigation was initiated.

**Count Two**

18. ODC realleges and incorporates paragraphs 1 through 2 of the General Allegations and paragraphs 3 through 17 as if fully restated in this Count Two.

19. In March 2019, Nikki Anderson ("Anderson") retained Respondent to

assist her in resolving the issue of a debt dispute with Riverside Assisted Living ("Riverside"). Anderson paid Respondent a retainer of $2,500 and $8,000 to offer as a settlement with Riverside. On April 8, 2019, Respondent deposited $8,000 of the $10,500 into his IOLTA account.

20. Respondent did not execute a written fee agreement, or otherwise define the scope of services to be provided and the expenses Anderson was responsible for.

21. Respondent did not reduce to writing the initial $8,000 offer to Riverside and was uncommunicative with Riverside after the initial settlement offer.

22. Respondent did not respond to Riverside's Motion for Summary Judgment, which resulted in a judgment against Anderson.

23. Respondent failed to adequately communicate with Anderson the status of her case or negotiations with Riverside. When Anderson requested a refund of the $8,000, Respondent became even less communicative.

24. Respondent failed to advise Anderson of the Motion for Summary Judgment, his failure to respond, and the issued judgment, which resulted in a garnishment of funds from her bank account.

25. Anderson paid Respondent $8,000 as settlement of the debt collection case. Rather than return the funds to Anderson when the offer was rejected, or otherwise hold them separately due to Riverside's interest in a possible settlement, Respondent spent the funds.

26. Respondent failed to properly conclude the representation and notify Anderson she needed to obtain new counsel. Respondent failed to return property (unearned funds) to her upon termination.

27. By his conduct outlined above, Respondent violated Rule 1.3, MRPC,

for failing to diligently pursue his client's case.

28. By his conduct outlined above, Respondent violated Rule 1.4(a)(2), (3), and (4), MRPC, for failing to keep his client informed of the status of her case or respond to her requests.

29. By his conduct outlined above, Respondent violated Rule 1.5(a), MRPC, for collecting and spending funds to which he was not entitled, constituting an unreasonable fee.

30. By his conduct as outlined above, Respondent violated Rule 1.5(b), for failing to execute a written fee agreement or otherwise define the scope and services of the representation.

31. By his conduct outlined above, Respondent violated Rule 1.15, MRPC, for failing to keep his client's property (unearned funds), or property to which a third party had interest, separate from his own, and collecting fees he had not yet earned, or was otherwise not entitled to collect.

32. By his conduct outlined above, Respondent violated Rule 1.16(d), MRPC, for failing to reasonably protect his client's interest and appropriately conclude the representation or return her property to her upon termination.

33. By his conduct outlined above, Respondent violated Rule 1.18, MRPC, for drawing down the balance in his IOLTA account to an amount that was less than what was owed to Anderson.

34. By his conduct outlined above, Respondent violated Rule 8.4(c) and (d), MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after

service thereof, to file a written answer to the Complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 28th day of April, 2020.

OFFICE OF DISCIPLINARY COUNSEL

By: _____
Pamela D. Bucy
Chief Disciplinary Counsel